**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Terry William SMITH, Defendant–
Appellant.**

No. 04–30554.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 24, 2006.*

Decided March 13, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

James P. Hagarty, Esq., USYA—Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Rebecca L. Pennell, Esq., Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellee.

Fed. R.App. P. 34(a)(2).

** The Honorable Consuelo B. Marshall, Senior United States District Judge for the Central District of California, sitting by designation.

Before: RAWLINSON and CLIFTON, Circuit Judges, and MARSHALL,** District Judge.

## MEMORANDUM ***

Defendant Terry William Smith pleaded guilty to possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(3). The district court sentenced him to sixty-three months' imprisonment and to a fine of $10,000, "payable from [his] IRA account if available." Smith appeals the imposition of the fine, raising several different arguments. Because it is not clear to us precisely what the sentence provides, we vacate Smith's sentence and remand for further proceedings.

We are not sure what the qualification that the fine is "payable from [his] IRA account if available" means. Is the money in the IRA account "available" if it can be withdrawn, even if that triggers a monetary penalty or tax? If the money is not "available" from the account to pay the fine, is the fine still imposed? The judge's oral comments at the sentencing hearing suggest that the fine was to be imposed only if it could be paid from the IRA account and not otherwise, but that is not entirely clear. What if the money is only "available" once defendant reaches a certain age—is the fine payable at that time, and not before, even if it is many years in the future? How is it to be determined whether the funds in the IRA account are "available"? The district court appeared to leave it to the U.S. Attorney to find out about the account's "availability," but whether a fine is payable does not seem to be a decision that should be made by the

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

prosecutor. Since the answers to these questions are not clear to us, we are unable to evaluate defendant's challenges to the sentence. We thus vacate the sentence and remand the matter to the district court for resentencing.[1] *See United States v. Alverson,* 666 F.2d 341, 348–50 (9th Cir.1982) (vacating and remanding an ambiguous sentence).

**VACATED AND REMANDED.**

---

1. We also note that the district court imposed the fine based on the understanding that there was about $20,000 in defendant's IRA account, based upon what the defendant told the probation officer who prepared the presentencing report. It appears that the premise was faulty and that the account is in fact only about half that size. On remand, the district court is free to revisit the issue and may impose a fine in a different amount or no fine at all.

